# IN THE UNITED STATES DISTRICT COURT
# FOR THE NORTHERN DISTRICT OF ILLINOIS
# EASTERN DIVISION

| | |
|---|---|
| DYSON, INC. | ) |
| Plaintiff, | ) ) ) ) |
| v. | ) Case No. 17-cv-6285 |
| SYNCREON TECHNOLOGY (AMERICA) INC. | ) ) Honorable Matthew F. Kennelly ) ) |
| Defendant. | ) ) **INJUNCTIVE RELIEF** ) **REQUESTED** |

## MOTION FOR PRELIMINARY INJUNCTION

Pursuant to Rule 65(a) of the Federal Rules of Civil Procedure, Plaintiff Dyson, Inc. respectfully requests that this Court enter a preliminary injunction prohibiting Defendant Syncreon Technology (America) Inc. from refusing to allow Dyson to recover its property from Syncreon's facilities. As described more fully in its Memorandum, Dyson plainly satisfies this Court's preliminary injunction standard.

*First,* Dyson has demonstrated far more than "some likelihood of succeeding on the merits" of its conversion and breach of contract claims. Syncreon has no contractual or other interest in Dyson's property, yet it refuses to allow Dyson to remove its remaining inventory from Syncreon's facilities. Syncreon's conduct is a straightforward, actionable conversion case. It also constitutes multiple breaches of the parties' logistics contract, including Syncreon's breach of its promise to

"use its best efforts to assist Dyson in transferring the work to another third party service provider" following termination.

*Second*, Dyson has no adequate legal remedy and will suffer irreparable harm to its business reputation and customer goodwill unless the Court issues an injunction. Indeed, Dyson's customers have already warned Dyson about the damage Syncreon's actions are continuing to cause. One customer, for example, admonished Dyson that its "brand" and "share of the floor is at risk" unless Dyson remedies the harm Syncreon has inflicted. Dyson has devoted the last several weeks to rehabilitating those critical relationships. If Dyson now has to tell customers that it *again* cannot fill their orders, Dyson will lose any remaining customer goodwill and irreparably harm its reputation.

*Third*, any relative comparison of the equities tips decisively in Dyson's favor. Without an injunction, Dyson will lose the valuable and immeasurable goodwill it has built over decades of service to its customers and suffer irreparable harm to its brand and reputation. By contrast, the issuance of an injunction here will simply prevent Syncreon from holding Dyson's property captive and require Syncreon to comply with its contractual obligations. This is no harm at all— and simply cannot (and does not) tip the balance of hardships in Syncreon's favor.

*Finally*, the public interest favors Dyson as well, as an injunction will ensure that Dyson can continue to fill orders placed by retailers and consumers around the country. And it is plainly in the public's interest to stop Syncreon's ongoing conversion and to reinforce the public's interest in having the judicial system protect and defend contract and property rights.

Because Dyson meets this Court's preliminary injunction standard, Dyson respectfully requests that the Court grant interim relief allowing Dyson access to Syncreon's warehouses so that Dyson may recover its property.

Dated: August 30, 2017                           Respectfully submitted,

                                                 <u>*/s/ Diana Watral*</u>
                                                 Andrew A. Kassof, P.C.
                                                 Diana M. Watral
                                                 KIRKLAND & ELLIS LLP
                                                 300 North LaSalle
                                                 Chicago, Illinois  60654
                                                 Telephone:  (312) 862-2000
                                                 Facsimile:  (312) 862-2200

                                                 *Attorneys for Plaintiff Dyson Inc.*

## **CERTIFICATE OF SERVICE**

I hereby certify that on August 30, 2017, the foregoing document was filed electronically through the Court's Electronic Case Filing System. I further certify that a true and correct copy of the foregoing document also was served by U.S. postal mail this date on:

Syncreon
2851 High Meadow Circle, Suite 250
Auburn Hills, MI 48326
ATTN: Dan Bombrys

Syncreon
2851 High Meadow Circle, Suite 250
Auburn Hills, MI 48326
ATTN: Legal Department

Dated: August 30, 2017

*s/ Diana Watral*
Andrew A. Kassof, P.C.
Diana M. Watral
KIRKLAND & ELLIS LLP
300 North LaSalle Street
Chicago, Illinois 60654
(312) 862-2000 (tel)
(312) 862-2200 (fax)
Firm ID 108900

*Counsel for Plaintiff Dyson Inc.*